# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKESHO LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3423** |
| **UNITED STATES OF AMERICA ET AL** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendants' motion to dismiss, R. Doc. 7. Plaintiff has not responded. Considering the parties' briefs and the applicable law, the Court issues the following Order & Reasons.

### I. BACKGROUND

Plaintiff Lakesho Lewis brings this complaint on behalf of her minor daughter, Mi'yah Lebeaud, who was injured when the bus in which she was travelling was hit by the Defendant's vehicle. R. Doc. 1 at 1. Plaintiff alleges that on April 1, 2016 her daughter was a passenger on a bus in New Orleans, Louisiana when Defendant Ellsworth Frank, an employee of the United States Postal Service, hit the bus while pulling into traffic with his mail truck. R. Doc. 1 at 3. Plaintiff alleges that Defendant Frank and the United States of America as his employer were negligent and responsible for the accident. R. Doc. 1 at 3. Plaintiff alleges that her daughter has suffered neck and back injuries as a result of the accident and brings this claim under the Federal Tort Claims Act ("FTCA"). R. Doc. 1 at 2-3.

### II. PRESENT MOTION

Defendants move to dismiss Plaintiff's claims against Ellsworth Frank because under the

FTCA he cannot be sued in either his official or individual capacity. R. Doc. 7-1 at 3. Defendants argue that the United States of America is the only proper defendant under the FTCA. R. Doc. 7-1 at 3. Additionally, Defendants move to strike Plaintiff's jury demand because actions against the United States of America are tried without a jury. R. Doc. 7-1 at 4.

## III. LAW & ANALYSIS

### a. The United States is the Only Proper Party in an FTCA Claim

The United States is the only proper defendant in an action brought under the FTCA. *Atorie Air, Inc. v. F.A.A. of U.S. Dept. of Transp.* 942 F.2d 954, 957 (5th Cir. 1991). In an FTCA action, Courts lack subject matter jurisdiction for any defendants other than the United States. *Id.* Under the FTCA, claims brought against an employee of the federal government for tortious conduct that occurred in the employee's official capacity are "really suit(s) against the government" and the United States is the proper party. *Smart v. Holder*, No. 09–50796, 2010 WL 759164, at *2 (5th Cir. Mar. 5, 2010) (*citing Boehms v. Crawell*, 139 F.3d 452, 462–63 (5th Cir. 1998)). Likewise, a suit cannot be brought under the FTCA against an employee acting in an individual capacity. *See Galvin*, 860 F.2d at 183 ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.").

Additionally, federal agencies, such as the United States Postal Service cannot be named as defendants under the FTCA. 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ."). When a federal agency is named as a party in a claim arising out of tortious conduct, the court should dismiss the claims against the agency for lack of subject matter jurisdiction. *Esquivel–Solis,* No. 11–10401, 2012

WL 2865480, at * 1.

### b. Jury Trial Under the FTCA

Jury trials are statutorily prohibited in FTCA cases. 28 U.S.C. § 2402 (1997) ("[A]ny action against the United States . . . shall be tried by the court without a jury."); *see Petrus v. U.S. Justice Dep't*, 18 F.3d 936, 939 (5th Cir. 1994); *Lineberry v. United States*, 356 F.App'x 673, 674 (5th Cir. 2009). Only in cases involving certain tax issues is there a right to a trial by jury in FTCA actions. 28 U.S.C. § 2402 (1997) ("[E]xcept that any action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury."). Otherwise, there is no right to a jury trial for claims brought under the FTCA.

### c. Analysis

The statute and case law are clear that the United States is the sole proper party to a claim arising under the FTCA. Defendant Frank, as an employee of the Postal Service, is an improper defendant under the FTCA. The suit does not specify whether Mr. Frank is being sued in an official or individual capacity. However, federal employees are improper defendants in both their official and individual capacity under the FTCA. Thus, the claims against Mr. Frank are properly dismissed.

Similarly, any claims against the U.S. Postal Service should also be dismissed. The FTCA shields federal agencies from tort liability and mandates that the United States be the sole defendant. The U.S. Postal Service, as a federal agency, is an improper defendant and claims against the agency are properly dismissed for lack of jurisdiction.

Furthermore, Plaintiff is not entitled to a jury trial in her FTCA claims. There is no right to a jury trial for an FTCA claim. Only in trials involving certain tax issues is there a right to a jury

trial under the FTCA. Therefore, Plaintiff is not entitled to a jury trial in this case and the request for a jury trial should be stricken.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss, R. Doc. 7, is hereby **GRANTED** and all claims against Defendants Ellsworth Frank and the United States Postal Service are hereby dismissed. The United States of American remains as the sole proper defendant to this suit.

New Orleans, Louisiana, this 30th day of July, 2018.

_____
UNITED STATES DISTRICT JUDGE